UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID AND BEVERLY WILLIG,

    Plaintiffs,

v.                                                                          Case No. 14-C-1043

GREEN BAY DRESSED BEEF, LLC, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiffs filed this lawsuit in Brown County Circuit Court, asserting negligence claims against the Defendants and their insurer. The Defendants removed the case on the grounds of diversity. More recently, Plaintiff filed a motion to file a second amended complaint, which added two other defendants, one of which (Allied World National Assurance Company, or AWNAC) is a New York corporation. Since Plaintiffs are also New York citizens, the addition of the new defendant would destroy diversity and warrant a remand to state court, relief that is also sought by the Plaintiff's motion. For the reasons given herein, the motion will be granted.

The Defendants concede that diversity jurisdiction would be destroyed if the new defendant were allowed to be added to the case. They assert, however, that the addition of AWNAC is merely a transparent ruse designed solely to move the case back into state court. 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "A district court has discretion to permit or deny post-removal joinder

of a nondiverse party, and the court should balance the equities to make the determination." *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 759 (7th Cir. 2009). In exercising its discretion, a district court should consider the following factors: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Id.*

Here, the Defendants believe the motive appears highly suspicious: Plaintiffs did not name the non-diverse defendant until their second amendment complaint, and then only after the case was removed to federal court. Along with their motion to amend, they filed a motion to remand, which supports the view that remand was at least partly the motive underlying the amendment. Of course, the fact that a plaintiff overtly recognizes that his amendment would defeat jurisdiction is not a sound reason to deny the joinder. Subject matter jurisdiction is not a ball to be hidden in a shell game, it is an issue to be highlighted at the earliest opportunity. Having sought leave to add a new non-diverse defendant, it was incumbent on the Plaintiff to file a motion pointing out that jurisdiction would no longer exist.

The overarching question in the analysis is whether the joinder is a mere procedural scheme to obtain a state forum, or whether there is a legitimate claim against a defendant whose potential liability was not revealed until discovery had commenced. Here, Plaintiff indicates that it did not learn of AWNAC's identity until the Defendants produced an AWNAC general liability policy in December 2014. Plaintiff filed its motion to join AWNAC soon after, on January 2, 2015. Thus, the request to join the party does not come late in the game, but on the heels of the disclosure of the potential insurer's liability.

Plaintiff also notes that it is simply seeking to join, under Wisconsin's direct action statutes, the Defendants' liability insurers. *See* Wis. Stat. § 632.24. It named all of the other insurers in its earlier pleadings, and now, having learned the identity of another general liability carrier, it simply seeks to add that carrier as well. As such, this is not a case in which a plaintiff has cast a wide net in the hopes of finding any in-state defendant; the motion is merely a response, in the normal course, to discovery provided by the Defendants. Thus, there is no inkling here of the kinds of procedural gamesmanship that courts sometimes consider in denying joinder under these circumstances.

Equity is also a consideration. *Schur,* 577 F.3d at 759. Defendants overlook the fact that they were in possession of knowledge that one of their liability carriers was a New York company. Given the history of this young action, they must have considered the likelihood that the New York insurer would be named as a defendant as soon as the Plaintiff learned of its existence, which of course would destroy diversity. Nevertheless, the Defendants decided to remove the case to federal court. True, removal was within their rights at the time, but it is equally true that they cannot now cry foul when the Plaintiff, rather unsurprisingly, names as a defendant one of the insurers whose identity they disclosed during discovery.

Given the series of events detailed above, I cannot find any suggestion of impropriety in the naming of the non-diverse defendant. Nor was there undue delay. Instead, the proposed amendment appears to be a run-of-the-mill pleading amendment that just happens to be filed after the case became a federal one. Given that federal courts are courts of limited jurisdiction, and given the exclusively state-law nature of this action, it is appropriate to allow the amendment and grant the motion for remand.

For the reasons given above, the motion to amend the complaint to add parties (ECF No. 23) is **GRANTED.** The motion to remand is **GRANTED**. The case is remanded to Brown County Circuit Court. Plaintiffs' pending motion to compel (ECF No 38) will be decided by the Circuit Court.

Dated this 10th day of March, 2015.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court